2004 ME 47

Barbara HATHAWAY

v.

CITY OF PORTLAND.

Winter Danforth Corporation

v.

City of Portland.

No. Cum–03–408, Cum–03–514.

Supreme Judicial Court of Maine.

Argued: Dec. 9, 2003.

Decided: April 8, 2004.

Robert Hark, Esq. (orally), Troubh, Heisler, Portland, for the appellant.

Charles Lane, Esq. (orally), Donna Katsiaficas, Esq. (orally), Penny Littell, Esq., Portland, for the appellee.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, CALKINS, and LEVY, JJ.*

LEVY, J.

[¶ 1] These separate proceedings both concern whether Winter Danforth Corporation's (WDC) operation of its bed and breakfast guesthouse violates the terms of a contract zone agreement it entered into with the City of Portland. In *Barbara Hathaway v. City of Portland*, Barbara Hathaway, WDC's president and sole shareholder, appeals from a judgment entered in the Superior Court (Cumberland, *Crowley, J.*) dismissing her complaint seeking a declaratory judgment for want of a justiciable controversy. In *Winter*

---

* Dana, J., sat at oral argument but did not participate further in the development of this opinion.

*Danforth Corp. v. City of Portland*, WDC appeals from a judgment entered in the Superior Court (Cumberland, *Alexander, J.*) pursuant to M.R. Civ. P. 80B affirming a decision of the City of Portland Zoning Board of Appeals (ZBA) affirming the determination by the City's Zoning Administrator that WDC violated the terms of the contract zone agreement. We affirm the dismissal of Hathaway's declaratory judgment action, but conclude in WDC's 80B appeal that the Zoning Administrator's finding of a breach of the agreement should have been reviewed by the Planning Board and not the ZBA, and vacate the Superior Court's judgment.

## I. BACKGROUND

[¶ 2] WDC operates a bed and breakfast guesthouse at 163 Danforth Street. Nearby, Hathaway leases an apartment at 188 Danforth Street. Both buildings are located in the R–6 Zone, a residential zone that does not permit business uses. In 1996, WDC received permission from the City to operate its business at 163 Danforth pursuant to a contract zone agreement. Hathaway is not a party to this contract.

[¶ 3] The contract zone agreement provides that "[t]he bed and breakfast use shall be limited to a maximum of nine (9) guest rooms ... [and] [m]eals may be offered only to guests of the bed and breakfast ...." It also states "in the event of a breach of any condition(s) set forth in this Agreement, the Planning Board shall have the authority, after hearing, to resolve the issue resulting in the breach or the failure to operate."

[¶ 4] Recently, Hathaway has used her apartment at 188 Danforth Street to accommodate overflow guests of WDC. After discovering that the City's planning department believed that WDC was in violation of the contract zone by accommodating overflow guests at 188 Danforth, Hathaway filed a complaint against the City seeking declaratory relief. Her complaint asserts that her activities at 188 Danforth Street do not constitute a violation of Portland's Land Use Code (Code) and that WDC's activities at 188 Danforth Street do not constitute a breach of the contract zone agreement.

[¶ 5] The City sought the dismissal of Hathaway's declaratory judgment action for her failure to exhaust administrative remedies available under the Code. It claimed that Hathaway should have first sought an interpretation appeal from the Zoning Board of Appeals. The court granted the City's motion, but on different grounds; it found that the complaint failed to state a claim upon which relief may be granted.

[¶ 6] During the pendency of Hathaway's declaratory judgment action, the City's Zoning Administrator sent WDC a Notice of Violation on December 20, 2002. It stated that WDC had violated the contract zone agreement by using 188 Danforth to accommodate overflow guests, and that its use of 188 Danforth Street violates §§ 14–135 and 14–138 of the City's Land Use Code, which prohibits business uses in the R–6 Zone. The notice stated that WDC must file an appeal of the administrator's decision with the ZBA within thirty days or it would be time-barred.

[¶ 7] WDC appealed the Zoning Administrator's determination to the ZBA and argued, among other things, that the forum selection provision of the contract zone agreement required that the matter be heard by the Planning Board, and not the ZBA. After a public hearing, the ZBA affirmed the decision of the Zoning Administrator by a 3–2 vote, finding that the Zoning Administrator's determination that "163 Danforth St. ... has violated the terms of their Contract Zone ..." was proper. Because the ZBA found that WDC violated the agreement, it did not

reach the issue of whether WDC's use of the apartment at 188 Danforth violates the Code. The ZBA also did not address WDC's argument regarding the forum selection provision of the contract zone agreement. WDC appealed from the order of the ZBA, and the Superior Court affirmed the ZBA's decision.

[¶ 8] Hathaway and WDC appealed from the courts' decisions and, at Hathaway's request, we consolidated the appeals.

## II.  DISCUSSION

A.  *Hathaway v. City of Portland*

[¶ 9] Hathaway contends that the court erred by dismissing the action based on its conclusion that there is no justiciable controversy between Hathaway and the City. We review the court's grant of a motion to dismiss de novo for errors of law. *Persson v. Dep't of Human Servs.*, 2001 ME 124, ¶ 8, 775 A.2d 363, 365 ("The legal sufficiency of a complaint challenged by a motion to dismiss is a question of law subject to de novo review by this Court.") (internal quotations omitted).

[¶ 10] The Superior Court concluded that Hathaway's complaint failed to state a claim ripe for judicial decision:

> In the instant case, Plaintiff alleges that the City of Portland has threatened action against her as an individual. Compl. ¶ 16. There is no allegation of an action pending against the Plaintiff. In fact, Plaintiff acknowledges that she has not been served "with any notice of violation," Compl. ¶ 17, and that she "is not a party to the administrative proceedings," referencing the letter from the City. Pl's Opp'n to Mot. To Dismiss at 5. Under these facts, taken as true, there is no evidence of an "actual controversy" between the Plaintiff, as an individual, and the City of Portland that is fit for judicial decision at this time.

[¶ 11] A complaint seeking a declaratory judgment must establish that there is a genuine controversy between the parties.  "[A] party seeking declaratory relief must establish that his case constitutes an active dispute of real interests between the litigants." *Randlett v. Randlett*, 401 A.2d 1008, 1011 (Me.1979) (internal quotations omitted).  A justiciable case or controversy involves "a claim of present and fixed rights, as opposed to hypothetical or future rights, asserted by one party against another who has an interest in contesting the claim." *Connors v. Int'l Harvester Credit Corp.*, 447 A.2d 822, 824 (Me.1982).

[¶ 12] Hathaway's complaint asserts that it is brought pursuant to 14 M.R.S.A. § 5954 (2003), which provides, in pertinent part, that "[a]ny person ... whose rights ... are affected by a ... municipal ordinance ... may have determined any question of construction or validity arising under the ... ordinance."  The complaint does not, however, cite to any specific provision of the Code as affecting Hathaway's rights, other than citing to the contract zone agreement between WDC and the City.  In fact, the complaint alleges the opposite: that the apartment at 188 Danforth Street is a "dwelling unit," and that "[t]here is no provision of the Code that prohibits the rental or sublet or sub-rental of a dwelling unit on a short-term basis."  The complaint does not assert that Hathaway is a party to or subject to the agreement between WDC and the City.

[¶ 13] Hathaway's complaint alleges what is at best an abstract disagreement between Hathaway and the City, and fails to assert "a concrete, certain, or immediate legal problem," *Wagner v. Secretary of State*, 663 A.2d 564, 567 (Me.1995), separate from the dispute between WDC and the City concerning the contract zone agreement.  Hathaway is not a party to that dispute, and her property at 188 Danforth Street is not covered by the contract

zone agreement. Accepting all allegations as true, the complaint fails to allege a genuine controversy between Hathaway individually and the City regarding an identified provision of the municipal laws of the City of Portland. Accordingly, the court properly dismissed the complaint for failure to state a claim upon which relief can be granted.

### B. *Winter Danforth Corporation v. City of Portland*

[¶ 14] WDC contends that the ZBA was not the proper forum to hear its appeal because the contract zone agreement established that any breach of the agreement would be resolved before the Planning Board.[1] The City responds that the forum selection provision in the agreement presupposes that the Planning Board will not act until a violation of the agreement has been adjudicated through some other means such as a decision of the ZBA.

[¶ 15] A contract zone agreement may include "[p]rovisions for enforcement and remedies for breach of any condition or restriction." Portland, Me., Code § 14–62(h) (Feb. 21, 2001). The agreement in this case provides that "in the event of a breach of any condition(s) set forth in this Agreement, the Planning Board shall have the authority, after hearing, to resolve the issue resulting in the breach or the failure to operate." Although this language is less than precise, it does not suggest, as the City posits, a two-step process by which an alleged breach of the agreement is first presented to the ZBA and, only if the ZBA concludes that a breach has occurred, the matter is then presented to the Planning Board for the imposition of a remedy. We conclude that the agreement's grant of authority to the Planning Board to "resolve the issue resulting in the breach" includes the authority to review a determination by the Zoning Administrator that a breach has occurred.

[¶ 16] In accordance with the contract zone agreement, the question of whether WDC breached the agreement as alleged by the Zoning Administrator and, if so, the consequences resulting from the breach must be considered by the Planning Board. We therefore vacate the order of the ZBA and do not reach the remaining issues raised by WDC.

The entry is:

In *Hathaway v. City of Portland*, Cum–03–408, the judgment is affirmed.

In *Winter Danforth Corporation v. City of Portland*, Cum–03–514, the judgment of the Superior Court is vacated, and the action is remanded to the Superior Court for entry of an order vacating the order of the City of Portland Zoning Board of Appeals.

---

1. When the Superior Court acts as an appellate court, we review the decision of the municipality directly. *Stewart v. Town of Sedgwick*, 2000 ME 157, ¶ 4, 757 A.2d 773, 775. When a zoning board acts as a tribunal of original jurisdiction, we review the board's "decision directly for errors of law, abuse of discretion, or findings not supported by substantial evidence in the record." *Brackett v. Town of Rangeley*, 2003 ME 109, ¶ 15, 831 A.2d 422, 427. The jurisdiction of a board of appeals "is a question of law that must be ascertained from an interpretation of municipal statutes and local ordinances." *Salisbury v. Town of Bar Harbor*, 2002 ME 13, ¶ 8, 788 A.2d 598, 601.