STATE OF MAINE                     BUSINESS AND CONSUMER COURT

Cumberland, ss.                                    AMH -CUM- 11/25/2013

ZARAFFA BUSINESS ENTERPRISES, L.P.,
and ZARAFFA MANAGEMENT COMPANY, LLC

                    Plaintiffs

            v.                                    Docket No. BCD-CV-13-26

DAVID S. WEISS,

                    Defendant
            _____

DAVID S. WEISS

                    Counterclaim Plaintiff
                    Cross-Claim Plaintiff
                    Third-Party Plaintiff

            v.

ZARAFFA BUSINESS ENTERPRISES, L.P.,
and ZARAFFA MANAGEMENT COMPANY, LLC

                    Counterclaim Defendants

THE DR. HUNTINGTON SHELDON REVOCABLE TRUST

                    Cross-Claim Defendant
            and

HUNTINGTON SHELDON

                    Third-Party Defendant

                 ORDER ON MOTION TO DISMISS

    The Counterclaim Defendants, the Cross-Claim Defendant, and the Third-Party

Defendant have jointly filed a Motion to Dismiss David S. Weiss's Counterclaim, Cross-Claim,

and Third Party Complaint for failure to state claims upon which relief can be granted,

                                    1

pursuant to M.R. Civ. P. 12(b)(6). Weiss opposes the motion. The court elects to decide the motion without oral argument. *See* M.R. Civ. P. 7(b)(7).

## Factual And Procedural Background[1]

Zaraffa Business Enterprises, LP (ZBE) and Zaraffa Management Corporation, LLC (ZMC) are business entities organized under the laws of Delaware (Countercl. ¶ 2), with principal offices in Maine, (Third Party Compl. ¶ 3). ZBE is managed and controlled by its general partner, ZMC. (Countercl. ¶¶ 4 & 11.) ZMC is controlled by its managing members, Dr. Huntington Sheldon (Dr. Sheldon) and Mrs. Adelaide Keppelman Sheldon (Mrs. Sheldon). (Amended Compl. ¶ 6.) The Sheldons thus control both ZMC and ZBE. (Countercl. ¶ 14.)

The Sheldons are residents of Vermont. (Countercl. ¶ 5.) David S. Weiss (Weiss) is a resident of Blue Hill, Maine. (Countercl. ¶ 1.) He was formerly married to the Sheldons' daughter Karan Sheldon. (Third Party Compl. ¶ 5.)

In 2000, Weiss was Vice President and Treasurer of the entity Sheldon Weiss Productions, Inc. (SWP). (ICA 6.) During that year, ZMC entered into a contract with SWP titled "Zaraffa Management Company, LLC Independent Contractor Agreement" (ICA). (Countercl. ¶ 6.) The Sheldons executed the ICA on behalf of ZMC, and Weiss executed the ICA on behalf of SWP. (ICA 6.) Weiss also acknowledged the ICA in his individual capacity. (ICA 6.)

Through the ICA, ZMC engaged SWP to "manage and provide financial advice to" ZMC. (ICA § 2.1.) The ICA specifically authorized SWP to "sell...convey...transfer...and

---

[1] The following facts are drawn from the Counterclaim, Cross-Claim, and Third Party Complaint, and from the Amended Complaint where necessary to provide context, and are uncontested except where otherwise noted. Certain facts are also drawn from the "Zaraffa Management Company, LLC Independent Contractor Agreement" (ICA), which is attached to the Counterclaim, Cross-Claim, and Third Party Complaint as Exhibit A. The ICA is integral to the Counterclaim, Cross-Claim, and Third Party Complaint because the arguments advanced in these pleadings hinge in part upon the ICA's interpretation. In light of this circumstance, the Court may properly consider the ICA in ruling on the Motion to Dismiss, and may do so without converting the motion to one for summary judgment because the authenticity of the ICA has not been challenged. *Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 11, 843 A.2d 43.

2

otherwise deal with all real property owned by" ZMC. (ICA § 2.1.) It obligated SWP to provide "any such services in furtherance of" the ICA as "mutually agreed" by SWP and ZMC. (ICA § 2.1.) The ICA required ZMC to pay SWP $67,000 per year in consideration for SWP's services. (ICA § 3.1.) It granted SWP authority to "determine the method, details, and means of performing the services authorized by § 2.1" using "independent professional judgment." (ICA § 2.2.) The ICA also contained an integration clause providing that it embodied all agreements between the parties to the ICA and that it was to supersede any and all agreements between those parties. (ICA § 7.4.)

The ICA appointed Weiss President of ZMC for the mutual convenience of SWP and ZMC that he might act as ZMC's agent in the performance of services by SWP. (Countercl. ¶ 8; ICA § 2.3.) But the ICA also restricted Weiss's status as agent of ZMC, by providing that neither SWP nor any of its "personnel, employees, or agents" were to be deemed agents of ZMC, "notwithstanding the title of convenience provided to...Weiss." (ICA § 7.1.) Weiss served as President of ZMC under the terms of the ICA, as trustee to various trusts created by Dr. Sheldon, and as personal financial manager and adviser to Dr. Sheldon, while he was married to Karan Sheldon. (Third Party Compl. ¶ 6.) He continued to provide these services without compensation other than as stated in the ICA, after their divorce. (Third Party Compl. ¶ 9.)

In 2005, ZBE acquired title to certain residential real property in Blue Hill, Maine (the Blue Hill property) from Karan Sheldon. (Countercl. ¶ 12.) The Blue Hill property had been the residence of Weiss both before and after his divorce from Karan Sheldon. (Third Party Compl. ¶ 5.) He had occupied the property rent-free for many years, both before and after its acquisition by ZBE. (Countercl. ¶ 12.)

3

In July 2011, Dr. Sheldon was in an accident that caused temporary cognitive impairment. (Third Party Compl. ¶ 13.) On December 30, 2011, Weiss caused ZBE to transfer ownership of the Blue Hill property to himself by warranty deed. (Countercl. ¶ 16.) In consideration for the deed, Weiss executed a Promissory Note and Mortgage to ZBE. (Countercl. ¶ 18.) Weiss then caused ZBE to assign the Note to the Dr. Huntington Sheldon Revocable Trust (the Sheldon Trust). (Countercl. ¶ 19.) Weiss undertook the transfer and assignment as President of ZMC. (Countercl. ¶¶ 17 & 19.) Acting in his capacity as Trustee of the Sheldon Trust, Weiss caused the Trust to accept the assignment. (Amended Compl. ¶ 14.)

ZMC and ZBE filed a Complaint against Weiss in Hancock County Superior Court on May 28, 2013, asking the Court to: (1) rescind the transfer and declare ZBE the owner of the property on grounds that the transfer was outside the scope of Weiss's authority; (2) award Plaintiffs actual and punitive damages on grounds that Weiss had willfully violated fiduciary duties owed to the Plaintiffs; and (3) impose a constructive trust on Weiss's ownership of the Blue Hill property in favor of ZBE, ZMC, and its members. (Compl. ¶¶ 22, 25, 26 & 28.)

Weiss moved to dismiss the Complaint for Plaintiffs' failure to join the Trustee of the Sheldon Trust, on grounds that the Trustee was an indispensable party to the action under M.R. Civ. P. 19. (Weiss's M. Dismiss 1.) In its order on Weiss's Motion to Dismiss, the Court required Plaintiffs to join the Trust and/or the Trustee, and allowed them to file an amended complaint to accomplish this. (Order on M. Dismiss 2.) Plaintiffs' Amended Complaint names the Sheldon Trust as an interested party (Amended Compl. ¶ 5), and requests the same relief as the original complaint, (Amended Compl. 4-6).

Weiss has filed a Counterclaim against ZBE and ZMC, a Cross-Claim against the Trust (Countercl. 6), and a Third Party Complaint against Dr. Sheldon, (Third Party Compl. ¶¶ 1-

4

2). Through these pleadings, Weiss alleges three distinct sources of authority validating the actions he undertook in transferring the Blue Hill property to himself.

First, he alleges that he was authorized to take such action by the ICA. (Countercl. ¶¶ 17 & 22.) Weiss asserts that SWP managed ZBE's property in the ordinary course of its dealings with ZMC, consistent with § 2.1 of the ICA. (Countercl. ¶ 11.) He asserts that the authority to sell real property on behalf of ZMC and ZBE is included within the powers conferred on him by the ICA, and that the transfer of the Blue Hill property was executed consistently and in compliance with that authority. (Countercl. ¶¶ 9 & 22.)

Second, Weiss alleges that he was authorized to transfer the Blue Hill property to himself because he did so in reliance on the actual or apparent authority of Dr. Sheldon's agents and attorneys. (Countercl. ¶¶ 15 & 23.) Weiss alleges that the attorneys and firm of McDermott Will & Emery, LLP (MWE) maintained an attorney-client relationship with and acted as agents of ZMC, ZBE, the Sheldons, and the Trust at all times relevant to this action. (Countercl. ¶ 15; Third Party Compl ¶ 15.) He asserts that MWE attorneys determined the terms of the Note and Mortgage and drafted all documents pertaining to the conveyance in their capacity as attorneys and agents for ZBE, ZMC, the Trust, and Dr. Sheldon. (Third Party Compl. ¶ 18.) He alleges that MWE attorneys informed him that they were authorized to and "would draft and oversee execution of documents that would transfer title to the Blue Hill property" to him "consistent with Dr. Sheldon's intentions and pursuant to" a pre-existing oral agreement between Weiss and Dr. Sheldon. (Third Party Compl. ¶ 16.) He further alleges that he agreed to accept title to the Blue Hill property and to execute the Note and Mortgage in reliance on these representations. (Third Party Compl. ¶ 17.)

Third, Weiss alleges that he was authorized to transfer the Blue Hill property to himself because he did so in reliance on Dr. Sheldon's assent to the transfer in an oral contract.

5

(Third Party Compl. ¶ 22.) Weiss alleges that Dr. Sheldon orally agreed to cause him to acquire ownership of the Blue Hill property without or at minimal cost, in exchange for his continued provision of services to Dr. Sheldon after Weiss's divorce from Karan Sheldon. (Third Party Compl. ¶ 7.) He states that this agreement took place at the time that ZBE acquired the Blue Hill property and that it was periodically reiterated thereafter. (Third Party Compl. ¶ 7.) He alleges that Dr. Sheldon agreed to determine a manner of conveyance that would minimize adverse tax consequences to Weiss. (Third Party Compl. ¶ 8.) He also asserts that Dr. Sheldon intended that Weiss would acquire title to the Blue Hill property "without cost or at minimal cost as a benefit to him for services performed" "[a]t all relevant times up to and including the time of [the] transfer." (Countercl. ¶ 13.)

Weiss asserts that he continued to provide services to Dr. Sheldon after his divorce from Karan Sheldon, in reliance on the oral contract. (Third Party Compl. ¶¶ 9-11.) He insists that the terms of the transfer "were consistent with intentions expressed by Dr. Sheldon to furnish testamentary forgiveness of all indebtedness owed by Weiss." (Third Party Compl. ¶ 23.) He also asserts that he accepted title to the Blue Hill property and executed the Note and Mortgage "in reliance on Dr. Sheldon's promise that he would cause Weiss to acquire title to the Blue Hill property." (Third Party Compl. ¶ 22.)

Through the Counterclaim and Cross-Claim, Weiss seeks a declaratory judgment against ZBE, ZMC, and the Trust that: (a) Weiss is vested with title to the Blue Hill property free and clear of adverse claims by ZBE, ZMC, and the Trust; (b) Weiss was authorized to convey the property to himself by warranty deed and to assign the Note to the Trust pursuant to his authority as President and agent of ZMC; (c) "[MWE] and its attorneys were acting at all relevant times as attorneys and agents for and with actual or apparent authority from" ZMC, ZBE, the Trust, and the Sheldons; (d) ZBE releases all interests in the property not

6

consistent with Weiss's good title to it; and (e) Weiss is entitled to costs. (Countercl. 9-10.) Weiss asserts that he is entitled to reasonable attorney's fees and costs if he prevails in this action, by reason of § 7.8 of the ICA. (Countercl. ¶ 32.) He therefore demands judgment for the same. (Countercl. 11.)

Through his Third Party Complaint, Weiss seeks a declaratory judgment against Dr. Sheldon that: (a) Dr. Sheldon orally contracted and agreed to cause Weiss to acquire title to the Blue Hill property in consideration for certain services performed by Weiss; (b) Weiss fully performed his obligations under the contract; (c) ZBE transferred the Blue Hill property to Weiss in part performance of the contract; (d) MWE and its attorneys determined the terms of the transfer of the Blue Hill property and drafted the documents pertaining to it in their capacity as attorneys and agents for ZBE, ZMC, the Trust, and Dr. Sheldon; (e) MWE and its attorneys had actual or apparent authority to take these actions relating to the transfer on behalf of ZBE, ZMC, the Trust, and Dr. Sheldon; (f) Weiss acted in reliance on the actual or apparent authority of MWE and its attorneys to take these actions relating to the transfer on behalf of ZBE, ZMC, the Trust, and Dr. Sheldon; (g) Dr. Sheldon is legally and equitably obligated by the contract to cause Weiss to own the Blue Hill property under terms that would impose no or minimal cost upon him; and (h) Dr. Sheldon is legally and equitably obligated by the contract to either forgive the Note in the exercise of his authority under the terms of the Trust or to make a provision that would result in such forgiveness at the time of his death. (Third Party Compl. 16-17.)

Plaintiffs and Counterclaim Defendants ZBE and ZMC, Cross-Claim Defendant Trust, and Third-Party Defendant Dr. Sheldon move to dismiss the Counterclaim, Cross-Claim, and Third Party Complaint against them. (M. Dismiss 1-2.) They do so on the grounds that: (1) the "terms of the [ICA] by which Weiss claims to have been delegated authority as President

7

of ZMC...does not say what Weiss alleges, and Weiss was not a party to [the ICA] in any event"; (2) "Weiss cannot have relied on MWE's actions, because under Maine law Dr. Sheldon's incapacity terminated any actual authority MWE could have, and Weiss has failed to allege[] facts sufficient to state a claim of apparent authority"; and (3) "the alleged oral agreement to convey the Blue Hill property to Weiss is within the statute of frauds, and cannot be enforced under any exception to the statute." (M. Dismiss 3.)

## Discussion

A motion to dismiss for failure to state a claim "tests the legal sufficiency of the complaint." *McAfee v. Cole*, 637 A.2d 463, 465 (Me. 1994)). A 12(b)(6) motion does not test the sufficiency of the evidence that the complainant is likely able to present. *See Barnes v. McGough*, 623 A.2d 144, 146 (Me.1993).

A complaint is legally sufficient, and will survive a 12(b)(6) motion, if it alleges facts "with sufficient particularity so that, if true, they give rise to a cause of action." *America v. Sunspray Condo. Ass'n*, 2013 ME 19, ¶ 13, 61 A.3d 1249. In ruling on a motion to dismiss, the Court must accept as true the material allegations of the complaint, and "examine the complaint in the light most favorable to" the complainant. *McAfee*, 637 A.2d 463, 465 (Me. 1994).

To state a claim for a declaratory judgment, a complaint must present an "active dispute of real interests between litigants." *Hathaway v. City of Portland*, 2004 ME 47, ¶ 11, 845 A.2d 1168 (quoting *Randlett v. Randlett*, 401 A.2d 1008, 1011 (Me. 1979)). A complaint presents a dispute of real interests if it asserts a claim of right and pleads circumstances warranting judicial protection of that right, including the complainant's substantial interest in the subject matter in controversy. *Perry v. Hartford Acc. & Indem. Co.*, 481 A.2d 133, 136 (Me. 1984); *Desmond v. Persina*, 381 A.2d 633, 638 (Me. 1978); *National Hearing Aid Ctrs., Inc. v. Smith*, 376 A.2d 456, 458 (Me. 1977). A complaint thus states an action for a declaratory judgment if it

8

establishes the existence of a justiciable controversy and demonstrates that the complainant has standing to litigate the controversy. *See Hathaway*, 2004 ME 47, ¶¶ 11-12, 845 A.2d 1168.

1. Weiss's Pleadings State Cognizable Declaratory Judgment Claims

In this case, Weiss claims that he was authorized to transfer the Blue Hill property to himself. In support of this claim, he alleges three separate sources of authority: the ICA, reliance on the authority of MWE, and reliance on an alleged oral contract with Dr. Sheldon. (Countercl. ¶¶ 22 & 23; Third Party Compl. ¶ 22.) Weiss asserts that a controversy exists with respect to all three alleged sources of authority regarding his claim of title to the Blue Hill property and the transaction whereby he acquired it. (Countercl. ¶¶ 27-29; Third Party Compl. ¶¶ 26-28 & 30-32.)

*a. Weiss's authority under the ICA*

The moving parties argue that the pleadings fail to state a claim for a declaratory judgment that the ICA authorized Weiss to transfer the Blue Hill property to himself. (M. Dismiss 11.) They assert that the ICA gave Weiss power to act as ZMC's agent "when necessary, in the completion of SWP's services under the ICA," and that Weiss has failed to allege any circumstance in which it was necessary to the performance of SWP's authorized functions for him to act as ZMC's agent in the conveyance of the Blue Hill property. (M. Dismiss 11-12.) The moving parties insist that the Court may not consider evidence outside of the ICA to interpret the scope of authority granted to Weiss because the ICA is fully integrated, and Weiss does not allege that the ICA is ambiguous. M. Dismiss 6 (citing *Handy Boat Serv., Inc. v. Prof'l Servs., Inc.*, 1998 ME 134, 711 A.2d 1306, 1309).

Weiss contends that the scope of his authority under the ICA "is a factual issue that cannot be resolved on a Rule 12(b)(6) motion." (Opp. M. Dismiss 15.) He argues that the evidence will show that SWP and Weiss were one and the same, such that the authority

9

conferred on SWP by the ICA constituted a grant of authority to Weiss personally. (Opp. M. Dismiss 15.) In response, the moving parties argue that Weiss is seeking to disregard the corporate form of SWP, an action prohibited by Maine law. Reply to Opp. M. Dismiss 5 (citing *Sturtevant v. Town of Winthrop*, 1999 ME 84, ¶ 21, 732 A.2d 264, 270).

The arguments raised by the moving parties concern the substantive merits of Weiss's claims, which are not appropriately determined on a 12(b)(6) motion. Weiss's pleadings assert that the ICA conferred authority upon SWP and Weiss. (Countercl. ¶¶ 8-9.) They posit the existence of a dispute regarding the validity of action allegedly taken pursuant to that authority. (Countercl. ¶ 29.) They also state that Weiss's title to real property may be affected by the dispute. (Countercl. ¶ 28.) The pleadings assert the existence of a right, circumstances warranting its judicial protection, and the complainant's substantial interest in the subject matter of the controversy. They therefore state the existence of a justiciable controversy and a cognizable declaratory judgment claim with respect to Weiss's authority under the ICA.

### b.   *Weiss's claim based on the alleged authority of MWE*

The moving parties argue that the pleadings fail to state a claim for a declaratory judgment that Weiss was authorized to transfer the Blue Hill property to himself because he did so in reliance on the actual or apparent authority of MWE. (M. Dismiss 13.) They argue that Weiss has failed to state a claim based on the actual authority of MWE because MWE could not have possessed actual authority to act on behalf of Dr. Sheldon at the time of the transfer as a matter of law. M. Dismiss 13 (observing that Dr. Sheldon was incapacitated at the time of the transfer and citing *Hartford v. McGillicuddy*, 103 Me. 224, 68 A. 860, 862 (1907), for the proposition that the actual authority of an agent is terminated when the principal becomes incapacitated).

10

In response, Weiss asserts that the actual extent and legal effect of Dr. Sheldon's incapacity on MWE's actual authority "cannot be ascertained without discovery and production of evidence." (Opp. M. Dismiss 17.) He asserts that the motion to dismiss cites dicta concerning the effect of a principal's loss of capacity on the actual authority of an agent, and that Maine law would follow the Restatement Third of Agency's rule in this regard. Opp. M. Dismiss 17 (citing RESTATEMENT (THIRD) OF AGENCY § 3.08(1) (2006)). The Restatement provides that an agent's actual authority to do an act terminates when the agent has notice that the principal has become permanently incapacitated or has been adjudicated to lack capacity. RESTATEMENT (THIRD) OF AGENCY § 3.08(1) (2006).

The moving parties also argue that Weiss has failed to state a claim based on the apparent authority of MWE because he has not alleged conduct by Dr. Sheldon capable of giving rise to a belief that MWE was Dr. Sheldon's agent. M. Dismiss 14 (citing *Libby v. Concord Gen. Mut. Ins. Co.*, 452 A.2d 979, 982 (Me. 1982)). They assert that Weiss's pleading fails to allege any action by Dr. Sheldon, ZMC, or ZBE that caused Weiss to believe that MWE possessed the authority to prepare and approve documents relating to the transfer of the Blue Hill property. (M. Dismiss 14.) Instead, they argue that Weiss's pleading alleges that statements by MWE reasonably led him to believe that MWE had such authority. (M. Dismiss 15.) They conclude that "[t]hese allegations are not sufficient to state a claim of apparent authority." (M. Dismiss 15.) In response, Weiss asserts that the long-term relationship between MWE, the Sheldons, and the Sheldon's entities, plead in the complaint is sufficient to support a claim that MWE had apparent authority to prepare and approve documents relating to the transfer for purposes of surviving a 12(b)(6). (Opp. M. Dismiss 18.)

The pleadings assert that Weiss rightfully did an act because he relied upon the authority of Dr. Sheldon's agent MWE. (Countercl. ¶¶ 17, 20 & 23.) They assert a basis for

11

legal recognition of that authority. (Countercl. ¶ 15.) They also state that a dispute exists concerning the validity of that authority. (Countercl. ¶¶ 27-29.) The pleadings therefore state a cognizable claim for declaratory relief with respect to Weiss's actions allegedly taken in reliance on MWE's authority.

### c. *Weiss's actions allegedly taken in reliance on an oral contract between him and Dr. Sheldon*

The moving parties argue that the pleadings fail to state a claim that Weiss was authorized to transfer the Blue Hill property to himself because he did so in reliance on an oral contract with Dr. Sheldon. (M. Dismiss 9.) They contend that the asserted contract is unenforceable because it falls within the statute of frauds, and the pleadings do not allege facts that would place the contract within any exception to the statute. (M. Dismiss 9.)

These arguments again concern the substantive merits of Weiss's claim, which are not appropriately determined on a 12(b)(6) motion. The pleadings assert that Weiss rightfully did an act because he relied upon an oral contract with Dr. Sheldon in so doing. (Third Party Compl. ¶¶ 7-12 & 22.) They also state that a dispute exists concerning the validity of that contract. (Third Party Compl. ¶ 30.) The pleadings therefore state the existence of a justiciable controversy with respect to Weiss's actions allegedly taken in reliance on the oral contract between Weiss and Dr. Sheldon.

### 2. Weiss has standing to seek declaratory relief regarding his authority to transfer the Blue Hill property

A party has standing to seek declaratory relief if it can demonstrate "'invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent.'" *Madore v. Maine Land Use Regulation Comm'n*, 1998 ME 178, ¶ 8, 715 A.2d 157 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

12

The pleadings assert that the transfer of the Blue Hill property was valid because it: (1) was authorized by the ICA (Countercl. ¶¶ 8-9.); (2) was undertaken in reliance on the alleged authority of MWE to act on Dr. Sheldon's behalf (Countercl. ¶¶ 17, 20 & 23.); and (3) was undertaken in reliance on the terms of an alleged oral contract between Weiss and Dr. Sheldon (Third Party Compl. ¶¶ 7-12 & 22). The pleadings also assert that the ZMC and ZBE have commenced an action to void Weiss's title to the Blue Hill property and to evict him therefrom. (Third Party Compl. ¶¶ 27 & 28.) Assuming that the allegations plead in the complaint are true, Weiss has demonstrated an ownership interest in the Blue Hill property and the imminent threat of infringement on that interest by ZMC and ZBE. Weiss therefore has standing to seek a declaration regarding the validity of the transfer of the Blue Hill property in light of the several sources of authority that he has pleaded.

### 3. Weiss's Standing to Enforce the ICA

Section 7.8 of the ICA provides that the "prevailing party" in "any action at law or in equity" will be entitled to reasonable attorneys fees. The pleadings assert that Weiss is a party to the ICA, and that he is entitled to reasonable attorneys fees if he prevails in this action. (Countercl. ¶¶ 32-33.) Count II of the Counterclaim and Cross-Claim therefore demands judgment for such fees.

The moving parties assert that Weiss is not a party to the ICA. (Reply to Opp. M. Dismiss 5.) As such, they argue that he is precluded from enforcing the ICA against ZMC as a matter of law. Reply to Opp. M. Dismiss 5 (citing *Fleet Bank of Maine v. Harriman*, 1998 ME 275, 721 A.2d 658). Weiss asserts that he will be entitled to attorneys fees under the ICA if he prevails in this action, even if he is not a party to the ICA. (Opp. M. Dismiss 15). He asserts that "the evidence adduced through discovery is likely to show that the contract was drafted by ZMC attorneys." (Opp. M. Dismiss 16.) He argues that any ambiguity regarding the meaning

13

of this section will be construed against ZMC. (Opp. M. Dismiss 16.) In response, the moving parties argue that the attorney fee provision in the ICA is not ambiguous because the ICA consistently identifies both ZMC and SWP as "parties," and does not identify Weiss as a "party." (Reply to Opp. M. Dismiss 6.)

Based on the plain language of the ICA, Weiss may well be precluded from invoking the relief available to a prevailing party, but the court is not inclined to strike his prayer for attorney fees based on a Rule 12(b)(6) motion.

## Conclusion

It is hereby ORDERED that the Counterclaim Defendants', Cross-Claim Defendant's, and Third-Party Defendant's Motion to Dismiss is denied. Those parties are granted 20 days in which to respond to the respective pleadings filed against them.

Pursuant to M.R. Civ. P. 79(a), the clerk is hereby directed to incorporate this Order by reference in the docket.

Dated November 25, 2013

A. M. Horton
Justice, Business & Consumer Court

Entered on the Docket: 11-25-13
Copies sent via Mail ___ Electronically ✓

14

**Zaraffa Business Enterprises, L.P., and Zaraffa Management Company, LLC v. David S. Weiss**
**BCD-CV-13-26**


**Zaraffa Business Enterprises, L.P., and Zaraffa Management Company, LLC**
  **Petitioners / Plaintiffs**

     Counsel:            George Royle, Esq.
                            Drummond Woodsum
                            84 Marginal Way, Suite 600
                            Portland, ME 04101


**David S. Weiss**
  **Respondents / Defendants**

     Counsel:             Barry Mills, Esq.
                            Hale & Hamlin
                            PO Box 729
                            Ellsworth, ME 04605


**The Dr. Huntington Sheldon Revocable Trust**
  **Parties in Interest**
**Sheldon Huntington**
  **Third-Party Defendant**
     Counsel:             Stephen Soule, Esq.
                            Paul, Frank & Collins PC
                            1 Church Street
                            PO Box 1307
                            Burlington, VT 05402