MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2019 ME 36
Docket:      Ken-18-318
Submitted
  On Briefs: February 20, 2019
Decided:     March 7, 2019

Panel:       ALEXANDER, MEAD, GORMAN, JABAR, and HUMPHREY, JJ.

DANIEL R. LAWSON

v.

DEBBY WILLIS

PER CURIAM

[¶1]  Daniel R. Lawson appeals from a judgment of the Superior Court (Kennebec County, *Murphy, J.*) dismissing his defamation action against his former supervisor, Debby Willis, for failure to state a claim pursuant to M.R. Civ. P. 12(b)(6).  Lawson contends that the court erred in its determination that Willis was immune from liability pursuant to the Maine Tort Claims Act, 14 M.R.S. § 8111(1)(C) (2018).  We affirm the judgment.

I.  CASE HISTORY

[¶2]  Lawson alleges the following facts in his complaint, which we view as admitted for the purposes of this appeal.  *Ramsey v. Baxter Title Co.*, 2012 ME 113, ¶ 2, 54 A.3d 710.

[¶3]  In September 2016, Lawson began working as an assistant attorney general in the Child Support Enforcement Division of the Maine Attorney General's Office.  Debby Willis was the chief of the Child Support Enforcement Division and Lawson's direct supervisor.   For the first six months of his employment, Lawson received generally positive feedback from Willis, who indicated in a February 2017 meeting with him that she was satisfied with his work performance based on her review of his written work and from speaking with people who had observed him in court.

[¶4]  Shortly after that meeting, Lawson responded to a colleague's email thread regarding the interpretation of a statute with an opinion that was contrary to the opinion that Willis had already expressed.  Willis told Lawson that this bothered her and reprimanded him for sending the email.  Lawson alleges that following this reprimand Willis began providing extremely negative feedback about his job performance even though it had not worsened.  Lawson also alleges that Willis wrote a memo that falsely claimed that he had been ordered by a court to serve a party and had refused to do so.

[¶5]  On June 5, 2017, Willis informed Lawson that the Attorney General was terminating his employment based on her recommendation.   Willis provided Lawson with a memo regarding her assessment of his job

performance in which Lawson alleges that she stated, without basis, that he had been rude and arrogant during his court appearances. As a result of Willis's statements and his resulting termination, Lawson was forced to take a lower paying job and has suffered damage to his previously unblemished professional reputation.

[¶6] Lawson commenced this action in November 2017. In his complaint, he asserted claims against Willis for libel per se and slander per se. Willis filed a motion to dismiss in which she argued, pursuant to M.R. Civ. P. 12(b)(6), that Lawson's complaint failed to state a claim upon which relief may be granted because his claims against her were barred by the discretionary function immunity provision of the Maine Tort Claims Act, 14 M.R.S. § 8111(1)(C). After a hearing, the court determined that Lawson's claims were barred by discretionary function immunity and granted Willis's motion to dismiss. Lawson timely appealed. *See* M.R. App. P. 2B(c)(1).

## II. LEGAL ANALYSIS

A. Discretionary Function Immunity

[¶7] Lawson concedes that Willis's act of recommending his termination to the Attorney General qualifies as a discretionary function, but he argues that her communications to the Attorney General regarding his job performance

were separate acts that required no discretion—they were either accurate or inaccurate—and, as such, his defamation claims are not barred by discretionary function immunity. "We review the court's grant of a motion to dismiss de novo for errors of law." *Hathaway v. City of Portland*, 2004 ME 47, ¶ 9, 845 A.2d 1168.

[¶8]  Title 14 M.R.S. § 8111(1) of the Maine Tort Claims Act grants immunity from liability to governmental employees who are performing discretionary functions:

> Notwithstanding any liability that may have existed at common law, employees of governmental entities shall be absolutely immune from personal civil liability for the following:
>
> . . . .
>
> C.  Performing or failing to perform any discretionary function or duty, whether or not the discretion is abused; and whether or not any statute, charter, ordinance, order, resolution, rule or resolve under which the discretionary function or duty is performed is valid;
>
> . . . .
>
> The absolute immunity provided by paragraph C shall be applicable whenever a discretionary act is reasonably encompassed by the duties of the governmental employee in question . . . .

Governmental entities are likewise immune from liability for discretionary functions.  *See* 14 M.R.S. § 8104-B(3) (2018).

[¶9]  We utilize a four-factor test to determine whether discretionary function immunity applies:

> (1) Does the challenged act, omission, or decision necessarily involve a basic governmental policy, program[,] or objective? (2) Is the questioned act, omission, or decision essential to the realization or accomplishment of that policy, program, or objective as opposed to one which would not change the course or direction of the policy, program, or objective?  (3) Does the act, omission, or decision require the exercise of basic policy evaluation, judgment, and expertise on the part of the governmental agency involved? (4) Does the governmental agency involved possess the requisite constitutional, statutory, or lawful authority and duty to do or make the challenged act, omission, or decision?

*Darling v. Augusta Mental Health Inst.*, 535 A.2d 421, 426 (Me. 1987).

[¶10]  "The first, second, and fourth factors help determine whether the governmental employee was performing or failing to perform an official function or duty," while "[t]he third factor helps determine whether that function or duty was discretionary in nature, as opposed to merely ministerial." *Carroll v. City of Portland*, 1999 ME 131, ¶ 7, 736 A.2d 279.  "A discretionary act requires judgment or choice, whereas a ministerial act is mandatory and requires no personal judgment or choice."  *Id*. ¶ 9 (emphasis omitted).  A governmental employee "is not entitled to discretionary function immunity unless [her] allegedly tortious activity required the exercise of judgment or choice." *Id.*

[¶11]  Lawson argues that under this test, the defamatory statements he alleges that Willis made cannot be classified as discretionary.[1]  He maintains that "reporting an employee's work activity does not involve, nor is it essential to, a basic governmental policy[,] program[,] or objective.  Nor does it require the exercise [of] the kind of judgment that characterizes discretionary acts."  He argues that Willis's reports of his job performance were ministerial in nature, similar to the acts at issue in *Carroll*.  In that case, we held that a defendant police officer was not performing a discretionary act when he mistakenly listed the plaintiff as being wanted for theft—and was therefore not immune from the plaintiff's defamation claims—because he failed to refute the plaintiff's claim that "the challenged activity merely involved copying a list of names in alphabetical order."  *Id*. ¶¶ 2-3, 10.

[¶12]  Lawson's arguments oversimplify the evaluation and reporting of an employee's work performance and the degree of personal choice and judgment utilized in the process.  His situation is analogous to that of the plaintiff in *Quintal v. City of Hallowell*, 2008 ME 155, ¶¶ 33-36, 956 A.2d 88.  In

---

[1] Lawson also cites to cases from other states involving governmental immunity . In addition to the fact that the cases are not binding on us, each is distinguishable from the present case and, therefore, is not persuasive.

that case, we held that a city manager was immune from the claims of a terminated code enforcement officer because

> (1) it is the municipal government's objective to have employees that properly and efficiently perform the tasks assigned to them; (2) reprimanding an employee and recommending his termination is essential to effectuate that objective; (3) *determining whether an employee is properly and efficiently discharging his duties requires, at least in part, the exercise of judgment*; and (4) the City Manager is the appropriate person to make recommendations regarding the Code Enforcement Officer's job performance. [The City Manager]'s actions were within his discretion, and even if he abused that discretion, immunity still applies to those actions. 14 M.R.S. § 8111(1)(C).

*Id*. ¶ 35 (emphasis added).

[¶13] Applying the *Quintal* analysis here leads to the same conclusion: Willis's reporting of her evaluation of Lawson's job performance to the Attorney General was a discretionary function to which immunity applies. Furthermore, because Willis was performing a discretionary function, her immunity was absolute, even if she abused her discretion or exercised it in bad faith. *See* 14 M.R.S. § 8111(1)(C); *Quintal*, 2008 ME 155, ¶ 36, 956 A.2d 88; *Berard v. McKinnis*, 1997 ME 186, ¶ 11 n.7, 699 A.2d 1148.

B.    Motion to Dismiss

[¶14]   Lawson also contends that, even if Willis's statements to the Attorney General are not actionable because of discretionary function

immunity, his complaint alleges sufficient facts to overcome a motion to dismiss pursuant to M.R. Civ. P. 12(b)(6). He argues that the language in his complaint where he alleges that Willis published the statements "to third parties, including the Attorney General" shows that he might be able to prove a claim that is not barred by discretionary function immunity—such as if Willis published the statements outside her role as his supervisor.

[¶15] "When we review an order dismissing a complaint, we consider only the facts alleged in the complaint and examine the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Argereow v. Weisberg*, 2018 ME 140, ¶ 12, 195 A.3d 1210. This process tests the legal sufficiency of the allegations in a complaint, rather than the sufficiency of the evidence that a plaintiff is able to present. *Id*.

[¶16] While we have held that a plaintiff's failure to specifically allege certain facts—such as the date of alleged publication—is not always fatal to a defamation complaint, we have emphasized that a complaint must give the defendant fair notice of the claims against her. *Vahlsing Christina Corp. v. Stanley*, 487 A.2d 264, 267 (Me. 1985); *see also Nadeau v. Frydrych*, 2014 ME 154, ¶ 5, 108 A.3d 1254. Lawson's complaint, read in its entirety,

specifically alleges only defamation arising in contexts where his claims are barred by discretionary function immunity. Even when examined in a light most favorable to him, Lawson's inclusive language alleging that Willis published the statements "to third parties, including the Attorney General" is simply too vague to give Willis fair notice of any claims that might fall outside the scope of that immunity. Accordingly, the court's granting of Willis's motion to dismiss was proper.

The entry is:

Judgment affirmed.

---

Daniel Lawson, appellant pro se

Janet T. Mills, Attorney General, and Kelly L. Morrell, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Debby Willis

Kennebec County Superior Court docket number CV-2017-202
FOR CLERK REFERENCE ONLY